STEPHEN D. HANS & ASSOCIATES, P.C.
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEORGE KARAPATAKIS,
DIMITRIOS KARAPATAKIS,
and AIKATERINI SACHINIDOU,
on behalf of themselves, individually, and on behalf
of all others similarly-situated,

Case No.: _____

                              Plaintiffs,

     -against-

**COMPLAINT**

THE BEE FACTORY LLC d/b/a Biskoti Bakery Cafe
and ATHANASIOS STAGIAS,

**Jury Trial Demanded**

                           Defendants.
-----------------------------------------------------------------X

## COMPLAINT

The plaintiffs GEORGE KARAPATAKIS, DIMITRIOS KARAPATAKIS, and AIKATERINI SACHINIDOU (collectively, the "Plaintiffs"), both individually and on behalf of all others similarly-situated, by and through their attorneys, Stephen D. Hans & Associates, P.C., as and for their Complaint against defendants THE BEE FACTORY LLC d/b/a Biskoti Bakery Cafe and ATHANASIOS STAGIAS (collectively, the "Defendants"), allege, upon personal knowledge as to themselves, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     The Plaintiffs are former employees of Defendants' restaurant and bakery. While working for the Defendants, the Plaintiffs worked well in excess of forty (40) hours per week and were paid flat weekly salaries instead of hourly pay rates as required by law. As such, the Plaintiffs were not

paid straight time wages or overtime premium pay for any hours worked in excess of forty (40) in each given workweek. Plaintiff George Karapatakis was also not paid all of the contractually-required regular wages promised to him by the Defendants and was not paid spread-of-hours premium pay. Plaintiffs also did not receive wage notices or compliant wage statements as required by law.

2.      Plaintiffs bring this action to recover unpaid overtime wages, including unpaid straight time wages and overtime premium pay for hours worked in excess of forty (40) hours per week, pursuant to both the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the New York Labor Law (the "NYLL"), NY Lab. Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 146-1.4. Plaintiff George Karapatakis also brings claims for failure to pay required spread-of-hours premium pay for days in which he worked a shift of ten (10) or more hours pursuant to NYLL §§ 650 *et seq.,* and regulations promulgated thereunder, including 12 N.Y.C.R.R. § 146-1.6. Plaintiffs also bring claims pursuant to the NYLL for failure to provide wage notices and weekly wage statements pursuant to NYLL §§ 190 *et seq.*, and regulations promulgated thereunder.

3.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

4.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a trial by jury on all questions of fact raised by the claims asserted herein.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the Plaintiffs' FLSA claims in this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because Defendants' principal place of business is located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in such district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.     At all times relevant to this action, plaintiff George Karapatakis was (and is) an adult individual residing in Queens County, State of New York.

9.     At all times relevant to this action, plaintiff Dimitrios Karapatakis was (and is) an adult individual residing in Queens County, State of New York.

10.    At all times relevant to this action, plaintiff Aikaterini Sachinidou was (and is) an adult individual residing in Queens County, State of New York.

11.    During the relevant time period, the Plaintiffs each performed work for the Defendants at their restaurant and bakery located at 37-20 30th Avenue, Astoria, New York.

12.    The Plaintiffs each consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

13.    Upon information and belief, at all times relevant to this action, defendant The Bee Factory LLC d/b/a Biskoti Bakery Cafe (hereinafter the "Bee Factory") was (and is) a domestic limited liability company, organized and existing under the laws of the State of New York, duly licensed to do business in the State of New York, with its principal place of business located at 37-20 30th Avenue, Astoria, New York.

14.    Upon information and belief, defendant Athanasios Stagias a/k/a "Tommy" Stagias (hereinafter "Stagias") is a member and/or owner and operator of the Bee Factory.  Stagias

possesses operational control over the Bee Factory and controls significant functions of the Bee Factory. Stagias sets the company's payroll policies, including the unlawful practices complained of herein, and has the authority to hire and fire employees of the Bee Factory. Throughout the relevant time period, upon information and belief, Stagias was in charge of determining the Bee Factory's policies with respect to payroll, maintaining employee records, and otherwise running the business of the Bee Factory.

15.     Stagias participated in the day-to-day operations of the Bee Factory and acted intentionally in his direction and control of the Plaintiffs and the Bee Factory's other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and relevant regulations promulgated thereunder including 29 C.F.R. § 791.2, as well as the NYLL § 2 and relevant regulations promulgated thereunder, and is jointly and severally liable with the Bee Factory for all of the violations of law asserted by the Plaintiffs herein.

16.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).   At all relevant times, Defendants employed, and/or continue to employ, the Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

17.     At all relevant times, the Plaintiffs were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

18.     Upon information and belief, at all relevant times the Defendants have had gross annual revenues in excess of $500,000.00.

19.     At all relevant times, the Defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## COLLECTIVE ACTION ALLEGATIONS

20.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs bring their First Claim for Relief as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since September 1, 2019 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-exempt hourly employees in any capacity (the "Collective Action Members").

21.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay proper overtime premium pay for work performed in excess of forty (40) hours each week.  As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) hours per week.

22.    Plaintiffs and the Collective Action Members have substantially similar duties, and are paid pursuant to a similar, if not the same, payment structure.

## STATEMENT OF FACTS

### Defendants

23.    At all relevant times, Defendants have been in the hospitality industry, and have operated a restaurant doing business as Biskoti Bakery Café.

24.    Defendants opened the restaurant known as Biskoti Bakery Café in or about September 2019.

25.    Upon information and belief, Stagias owns, operates and manages the Bee Factory d/b/a Biskoti Bakery Café located at 37-20 30th Avenue, Astoria, New York.

26.     Stagias was a permanent presence at Biskoti Bakery Café, where he paid the Plaintiffs on a weekly basis, oversaw the business, set payroll policies, and ensured that the company was operated in accordance with his established policies.

### George Karapatakis

27.     Plaintiff George Karapatakis was hired by Defendants on or about July 15, 2019. From on or about July 15, 2019 through on or about September 12, 2019, George Karapatakis helped the Defendants set up their restaurant in preparation for its opening in or about September 2019.

28.     George Karapatakis was employed by Defendants as a baker from on or about September 13, 2019 until on or about March 16, 2020.

29.     Prior to the opening of the restaurant on or about September 13, 2019, George Karapatakis' duties involved helping the Defendants to set up the restaurant and ready it for opening.

30.     After the opening of the restaurant, from on or about September 13, 2019 until on or about March 16, 2020, George Karapatakis' duties involved preparing and baking the baked goods that were sold in the restaurant.

31.     Throughout the entire period of his employment by the Defendants, George Karapatakis typically worked seven (7) days per week, from 7:00 am until 10:00 pm, totaling approximately 105 hours per week.

32.     During his employment by the Defendants, George Karapatakis regularly handled goods in interstate commerce, such as food and beverages and other supplies produced outside of the State of New York.

33.     George Karapatakis' work duties required neither discretion nor independent judgment.

34.     Throughout his employment with the Defendants, George Karapatakis regularly worked in excess of forty (40) hours per week.

35.     Upon being hired by Defendants on or about July 15, 2019, Stagias offered George Karapatakis a flat weekly salary of $1,750.00 per week. George Karapatakis agreed to work for such wages.

36.     However, Defendants never paid George Karapatakis any wages at all from his hire date until on or about October 15, 2019.

37.     Beginning on or about October 15, 2019 and continuing through the end of his employment, Defendants paid George Karapatakis a flat weekly salary of $1,000.00 per week by check, but still never paid him the remaining $750.00 per week that he had been promised at his time of hire.

38.     Defendants never provided George Karapatakis with a wage notice at his time of hire, or at any point thereafter, containing the information set forth in NYLL § 195(1).

39.     From his hire date through on or about October 15, 2019, Defendants never provided George Karapatakis with any weekly wage statements at all, as required by NYLL § 195(3).

40.     From on or about October 15, 2019 through the end of his employment, Defendants provided George Karapatakis with non-compliant weekly wage statements which contained missing and/or inaccurate information, and which statements did not comply with all of the requirements of NYLL § 195(3).

41.     Upon information and belief, Defendants disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time records and payroll records with respect to George Karapatakis' employment.

42.     Upon information and belief, these practices by the Defendants were done willfully to disguise the actual number of hours worked by George Karapatakis (and similarly situated individuals) and/or to avoid paying George Karapatakis properly for all of his hours worked.

43.     Defendants engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees proper compensation by knowingly violating the FLSA and NYLL.

44.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to George Karapatakis and other similarly situated former employees.

## Dimitrios Karapatakis

45.     Plaintiff Dimitrios Karapatakis was hired by Defendants on or about October 1, 2019.

46.     Dimitrios Karapatakis was employed by Defendants from on or about October 1, 2019 until on or about March 16, 2020.

47.     Dimitrios Karapatakis' duties involved making deliveries, counting up the cash register receipts, checking the register reports, and placing all cash receipts inside the restaurant's safe prior to the restaurant's nightly closing.

48.     Throughout the entire period of his employment by the Defendants, Dimitrios Karapatakis typically worked seven (7) days per week, working from 4:00 pm until 1:00 am every day except Wednesdays, and working from 10:30pm until 1:00 am on Wednesdays, totaling approximately 56.5 hours per week.

49.     During his employment by the Defendants, Dimitrios Karapatakis regularly handled goods in interstate commerce, such as food and beverages and other supplies produced outside of the State of New York.

50.     Dimitrios Karapatakis' work duties required neither discretion nor independent judgment.

- 8 -

51.     Throughout his employment with the Defendants, Dimitrios Karapatakis regularly worked in excess of forty (40) hours per week.

52.     Throughout his employment, Defendants paid Dimitrios Karapatakis a flat weekly salary of $750.00 per week in cash.

53.     Defendants never provided Dimitrios Karapatakis with a wage notice at his time of hire, or at any point thereafter, containing the information set forth in NYLL § 195(1).

54.     Throughout his employment, Defendants never provided Dimitrios Karapatakis with any weekly wage statements at all, as required by NYLL § 195(3).

55.     Upon information and belief, Defendants disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time records and payroll records with respect to Dimitrios Karapatakis' employment.

56.     Upon information and belief, these practices by the Defendants were done willfully to disguise the actual number of hours worked by Dimitrios Karapatakis (and similarly situated individuals) and/or to avoid paying Dimitrios Karapatakis properly for all of his hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees proper compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Dimitrios Karapatakis and other similarly situated former employees.

<u>Aikaterini Sachinidou</u>

59.     Plaintiff Aikaterini Sachinidou was hired by Defendants on or about July 22, 2019.

60.     Aikaterini Sachinidou was employed by Defendants from on or about July 22, 2019 until on or about March 16, 2020, with the exception of an approximately one-month period in or about October or November 2019 during which she did not work at all.

61.     Aikaterini Sachinidou's duties involved making deliveries, working the counter, dealing with customers, purchasing items for use in the restaurant, communicating with the restaurant's vendors, sometimes cleaning the restaurant and adjoining sidewalks, going to the bank to make deposits, and running various other errands requested by Stagias.

62.     From the beginning of her employment by the Defendants until the restaurant opened on or about September 13, 2019, Aikaterini Sachinidou typically worked six (6) days per week, working from 10:00 am until 8:00 pm each day, totaling approximately 60 hours per week.

63.     From on or about September 13, 2019 through on or about mid-October 2019, Aikaterini Sachinidou typically worked six (6) days per week, working from 8:00 am until 6:00 pm each day, totaling approximately 60 hours per week.

64.     Upon returning from her approximately one month off in or about November 2019, and continuing through on or about February 1, 2020, Aikaterini Sachinidou typically worked five (5) days per week, working from 8:00 am until 4:30 pm each day, totaling approximately 42.5 hours per week.

65.     From on or about February 1, 2020 through the end of her employment on or about March 16, 2020, Aikaterini Sachinidou typically worked five (5) days per week, working from 6:00 am until 4:00 pm each day, totaling approximately 50 hours per week.

66.     During her employment by the Defendants, Aikaterini Sachinidou regularly handled goods in interstate commerce, such as food and beverages and other supplies produced outside of the State of New York.

67.     Aikaterini Sachinidou's work duties required neither discretion nor independent judgment.

68.     Throughout her employment with the Defendants, Aikaterini Sachinidou regularly worked in excess of forty (40) hours per week.

69.     Throughout her employment, Defendants paid Aikaterini Sachinidou a flat weekly salary of $1,250.00 per week, with $650.00 paid by check and the remaining $600.00 paid in cash.

70.     Defendants never provided Aikaterini Sachinidou with a wage notice at her time of hire, or at any point thereafter, containing the information set forth in NYLL § 195(1).

71.     Throughout her employment, Defendants never provided Aikaterini Sachinidou with compliant weekly wage statements containing all of the information required by NYLL § 195(3).

72.     Upon information and belief, Defendants disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete time records and payroll records with respect to Aikaterini Sachinidou's employment.

73.     Upon information and belief, these practices by the Defendants were done willfully to disguise the actual number of hours worked by Aikaterini Sachinidou (and similarly situated individuals) and/or to avoid paying Dimitrios Karapatakis properly for all of his hours worked.

74.     Defendants engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees proper compensation by knowingly violating the FLSA and NYLL.

75.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Aikaterini Sachinidou and other similarly situated former employees.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
*Unpaid Overtime Under the FLSA*

76.     Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

77.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

78.     As described above, Defendants are the Plaintiffs' "employers" within the meaning of the
FLSA, while Plaintiffs are "employees" within the meaning of the FLSA.

79.     As also described above, Plaintiffs worked in excess of forty hours in a workweek, yet
Defendants failed to properly compensate them in accordance with the FLSA's overtime
provisions.

80.     Defendants willfully violated the FLSA with respect to the Plaintiffs.

81.     Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at
the rate of one and one-half times their respective regular rates of pay.

82.     Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants'
violations of the FLSA's overtime provisions.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

83.     Plaintiffs repeat and reallege each and every one of the allegations set forth in each
numbered paragraph above with the same force and effect as if fully set forth herein.

84.     NYLL § 160 and 12 N.Y.C.R.R. § 146-1.4 require employers to compensate their
employees at a rate not less than one and one-half times their regular rates of pay for all hours
worked exceeding forty in a workweek.

85.     As described above, Defendants are "employers" within the meaning of the NYLL and the
NYCRR, while Plaintiffs are "employees" within the meaning of the NYLL and the NYCRR.

86.     As also described above, Plaintiffs worked in excess of forty hours in a workweek, yet
Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's
overtime provisions.

- 12 -

87.     Pursuant to 12 N.Y.C.R.R. § 146-3.5, "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week."

88.     Plaintiffs are entitled to their overtime pay for all hours worked in excess of forty at the rate of one and one-half times their respective regular rates of pay.

89.     Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS
## (ASSERTED BY PLAINTIFF GEORGE KARAPATAKIS ONLY)
### *Unpaid Spread-of-Hours Pay Under the NYLL and the NYCRR*

90.     Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

91.     12 N.Y.C.R.R. § 146-1.6 requires employers to compensate an employee for one additional hour of pay at the New York State minimum hourly wage rate on each day on which the spread of hours worked by the employee exceeds ten.

92.     As described above, Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff George Karapatakis is an "employee" within the meaning of the NYLL and the NYCRR.

93.     As also described above, plaintiff George Karapatakis regularly worked shifts of longer than ten hours per day each day of the week throughout the entire duration of his employment by the Defendants. However, Defendants never paid George Karapatakis an additional hour of pay at the applicable state minimum wage rate for each day that he worked a spread of hours in excess of ten.

- 13 -

94.    Plaintiff George Karapatakis is entitled to spread-of-hours pay for each and every day in which he worked a shift longer than ten hours while employed by the Defendants.

95.    Plaintiff George Karapatakis is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours pay provisions.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS**
*Violation of the Notice and Recordkeeping Requirements of the NYLL*

96.    Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

97.    Defendants failed to provide the Plaintiffs, at their time of hire or at any time thereafter, with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

98.    Defendants are liable to each of the Plaintiffs in the amount of $5,000.00 each in statutory damages pursuant to NYLL § 198, together with attorneys' fees and costs.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS**
*Violation of the Wage Statement Provisions of the NYLL*

99.    Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

100.   With each payment of wages, Defendants failed to provide the Plaintiffs with an accurate statement listing all of the following information: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

101.    Defendants are liable to each of the Plaintiffs in the amount of $5,000.00 each in statutory damages pursuant to NYLL § 198, together with attorneys' fees and costs.

**AS AND FOR A SIXTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS**
**(ASSERTED BY PLAINTIFF GEORGE KARAPATAKIS ONLY)**
*Breach of Contract*

102.    Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

103.    On or about July 15, 2019 Stagias offered employment to plaintiff George Karapatakis on behalf of the Defendants at a promised salary of $1,750.00 per week.

104.    George Karapatakis accepted employment with the Defendants upon such terms and immediately entered into an employment relationship therewith.   George Karapatakis began working for the Defendants on or about July 15, 2019 based upon the contractual promise that Defendants would pay him $1,750.00 per week in exchange for his services as an employee.

105.    The above-described terms constitute a binding and enforceable contract of employment between the Defendants and George Karapatakis.

106.    George Karapatakis performed pursuant to this contract of employment by rendering his services as an employee to the Defendants from on or about July 15, 2019 until on or about March 16, 2020.

107.    Despite such performance by George Karapatakis, Defendants failed to pay any compensation whatsoever to George Karapatakis during the period from on or about July 15, 2019 through on or about October 15, 2019.

108.    From on or about October 15, 2019 through on or about March 16, 2020, the Defendants paid George Karapatakis a flat weekly salary of $1,000.00, which was less than the contractually promised pay of $1,750.00 per week.

109.    The Defendants' failure to pay George Karapatakis his contractually promised wages throughout the entire course of his employment constitutes a clear breach of contract.

110.    As a result of the foregoing, based upon the Defendants' breach of contract, the Defendants are liable to George Karapatakis in the amount of all unpaid contractually promised wages, together with pre-judgment interest thereon and costs.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### (ASSERTED BY PLAINTIFF GEORGE KARAPATAKIS ONLY)
#### *Unpaid Regular Wages Pursuant to NYLL*

111.    Plaintiffs repeat and reallege each and every one of the allegations set forth in each numbered paragraph above with the same force and effect as if fully set forth herein.

112.    As described above, Defendants failed to pay plaintiff George Karapatakis his contractually promised wages of $1,750.00 per week throughout the entire period of his employment.

113.    NYLL § 191 requires employers to make regular payment of wages to their employees "not later than seven calendar days after the end of the week in which the wages are earned."

114.    As described above, George Karapatakis had a contractual right to receive the promised wages of $1,750.00 per week from the Defendants.

115.   Defendants' failure to pay George Karapatakis his contractually promised wages thus constitutes an independent statutory violation of NYLL § 191.

116.   As a result of the foregoing, the Defendants are liable to George Karapatakis in the amount of all unpaid contractually promised wages, together with liquidated damages, interest, and attorneys' fees for Defendants' violations of NYLL § 191.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a.   Designation of the Plaintiffs' FLSA claims in this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.   An order tolling the statute of limitations;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.   An award of compensatory damages to Plaintiffs as a result of Defendants' failure to pay proper overtime compensation pursuant to the FLSA and supporting regulations;

e.  An award of liquidated damages as a result of the Defendants' willful failure to pay proper overtime compensation to the Plaintiffs pursuant to the FLSA and supporting regulations;

f.  An award of compensatory damages to Plaintiffs as a result of Defendants' failure to pay proper wages, including unpaid regular wages, unpaid overtime premium compensation, and unpaid spread-of-hours pay pursuant to the NYLL and supporting regulations set forth in the NYCRR;

g.  An award of liquidated damages as a result of the Defendants' failure to pay proper wages, including unpaid regular wages, unpaid overtime premium compensation, and unpaid spread-of-hours pay pursuant to the NYLL and supporting regulations set forth in the NYCRR;

h.  An award of compensatory damages to Plaintiff George Karapatakis for breach of contract resulting from failure by the Defendants to pay contractually promised wages;

i.  An award of statutory damages of $5,000.00 to each of the Plaintiffs as a result of Defendants' failure to furnish Plaintiffs with compliant wage notices, pursuant to NYLL § 198;

j.  An award of statutory damages of $5,000.00 to each of the Plaintiffs as a result of Defendants' failure to furnish Plaintiffs with compliant weekly wage statements, pursuant to NYLL § 198;

k.  An award of pre-judgment and post-judgment interest on all such damages awarded;

l.     An award of costs and expenses of this action, together with reasonable attorneys'

fees and expert witness fees incurred; and

m.    Such other and further relief as this Court deems just and proper.

Dated: Long Island City, New York
       September 23, 2020

STEPHEN D. HANS & ASSOCIATES, P.C.

By:
    Stephen D. Hans (SH-0798)
    30-30 Northern Boulevard, Suite 401
    Long Island City, New York 11101
    Tel: 718.275.6700
    *Attorneys for the Plaintiffs*